UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

ASHLEY E.,[1]

                                        Plaintiff,        Case # 20-cv-0326-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
─────────────────────────────────────

## INTRODUCTION

On February 9, 2017, Plaintiff Ashley E. protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 67. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Carl E. Stephan on November 29, 2018. Tr. 39-66. At the hearing, Plaintiff testified. *Id.* On January 24, 2019, the ALJ issued an unfavorable decision. Tr. 11-19. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-4. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 11. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify Plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I. **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.927.

**DISCUSSION**

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 9, 2017, the disability application date.  Tr. 13.  At step two, the ALJ found that Plaintiff has the following medically determinable impairments: generalized anxiety disorder, right shoulder spasm, asthma, and diastasis recti.  *Id.*  Next, the ALJ found that Plaintiff does not have an impairment or combination of impairments that significantly limits the ability to perform basic work-related activities for twelve consecutive months and therefore, the ALJ determined that the Plaintiff had no severe impairment or combination of impairments.  Tr. 14-15.  Thus, the ALJ was not required to go further in the disability analysis and ultimately concluded that Plaintiff was not under a disability as defined by the Act.  Tr. 19.

**II.   Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that the ALJ: (1) failed to comply with the "Five-Day Rule" and therefore did not comply with the duty to develop the record; (2) rendered a finding on Step Two that was unsupported by substantial evidence; and (3) failed to evaluate Plaintiff's subjective complaints pursuant to the appropriate legal standard.  Because the Court agrees with Plaintiff's first argument, it will not address Plaintiff's other arguments.

Plaintiff argues that the ALJ failed to comply with the requirements of the "Five-Day Rule" and in doing so, failed to abide by his duty to develop the record.  *See* ECF No. 10-1 at 12, 16.  The rule, found in 20 C.F.R. § 416.1435(a), requires that a plaintiff, "submit or inform SSA about written evidence at least five business days before the date of his or her scheduled hearing." *Jonathan V. v. Comm'r of Soc. Sec.*, No. 6:18-CV-1350, 2020 WL 1270655, at *3 (N.D.N.Y. Mar.

17, 2020) (citing 20 C.F.R. § 416.1435(a) (additional citations omitted)).  The duty of an ALJ to develop the record is clear: "because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (citing *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)).  This duty is reflected in the SSA's regulations.  *See* 42 U.S.C. § 423(d)(5)(B) (the Commissioner must "make every reasonable effort to obtain from the individual's . . . health care provider[s] all medical evidence, including diagnostic tests, necessary in order to properly make [his] determination.").  However, as the Commissioner points out, the ALJ can exclude evidence ultimately presented for failure to comply with 20 C.F.R. § 416.1435, unless certain exceptions apply.  20 C.F.R. § 416.1435(a), (b).  The five-day rule was effective at the time of the ALJ's January 2019 decision.

Here, Plaintiff asserts that the ALJ erred by excluding evidence probative of Plaintiff's disability claim from James Urgo, FHNP, BC, which was submitted to the ALJ on January 17, 2019—one week prior to the ALJ's January 24, 2019 decision.  ECF No. 10-1 at 12.  Specifically, because Plaintiff informed the ALJ of the anticipated evidence more than five business days prior to the hearing (November 12, 2018), Tr. 214, the ALJ was not permitted to reject the evidence without explanation.  ECF No. 10-1 at 12.  In response, the Commissioner asserts that (1) the ALJ's record development responsibility was only applicable at the disability application stage and (2) because NP Urgo began seeing Plaintiff a year and a half after her disability application, only the HALLEX applies, which did not trigger the ALJ's duty to develop the record here as the ALJ was never sufficiently informed of the forthcoming opinion.  ECF No. 11-1 at 20-21.

As an initial matter, the Court is not persuaded that the ALJ's record development responsibility is as limited as the Commissioner asserts.  Indeed, the Court in *Drogo v. Comm'r of*

*Soc. Sec.*, 6:18-CV-6105, 2019 WL 2569599 (W.D.N.Y. June 21, 2019), found that the Commissioner's argument that a plaintiff must make every effort to obtain records and that plaintiff's failure to do so permitted an ALJ to decline to consider additional records was inconsistent with an ALJ's affirmative duty to develop the record. *See Drogo*, 2019 WL 256599, at *4 (citing *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008)). As discussed above, "where there are deficiencies in the record, an ALJ is under an *affirmative* obligation to develop a [plaintiff]'s medical history 'even when the [plaintiff] is represented by counsel or . . . by a paralegal.'" *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Perez*, 77 F.3d at 47) (emphasis added). Thus, obtaining evidence that the ALJ has been informed was previously requested—in conjunction with the five-day rule—is consistent with the regulation, § 416.1435(a), and with the ALJ's duty to develop the record. *Drogo*, 2019 WL 256299, at *4 (citing *Burgess*, 537 F.3d at 129). The Commissioner's claim that this duty applies only at the application stage is therefore, misplaced.

Second, while it is true that a plain reading of the five-day rule demonstrates that "the ALJ can decline to 'obtain' relevant written evidence only if the [Plaintiff] does not 'inform' the Commissioner 'about' such evidence at least five business days before the hearing," *Id.* (emphasis omitted) (citing § 416.1435(a)), the record shows that Plaintiff timely informed the ALJ of such outstanding records. Here, the letter which Plaintiff's counsel provided to the ALJ indicated that records from Chautauqua Center had been requested and were forthcoming. Tr. 214. Specifically, the additional records Plaintiff anticipated receiving and providing to the ALJ included those Chautauqua Center records from "01/01/2016 to PRESENT" and a "Physical TMSS." *Id.* Thus, Plaintiff made clear that both records as well as a Physical TMSS were requested from Chautauqua Center and remained outstanding. Again, at the hearing on November 29, 2018, Plaintiff's counsel

indicated that the records requested in October 2018 from Chautauqua Center had not yet been received. While it is true that Plaintiff did not specify each and every provider at Chautauqua Center from which records or opinions were anticipated, that is not required for an ALJ to have been deemed to be adequately informed of such evidence under the five-day rule. Rather, the ALJ should have inquired of the status of outstanding records when the few Chautauqua Center records were received, prior to rendering the decision. *See Walters v. Comm'r of Soc. Sec.*, 19-CV-00020, 2020 WL 2536799, at *5 (W.D.N.Y. May 19, 2020).

Crucially, the ALJ never indicated that either of the reasons provided by the Commissioner here were the reasons for which he did not consider the opinion in rendering the disability determination. Indeed, while the physical TMSS opinion of NP Urgo was never mentioned in the ALJ's disability finding, the other medical records of NP Urgo were in fact discussed. *See, e.g.*, Tr. 14, 17. The Court notes that the questionnaire spoke directly to Plaintiff's physical limitations. Tr. 35-38. Thus, the ALJ seemed to accept and "obtain" some of the post-hearing provided Chautauqua Center records, but not others, without clear explanation. When the Court is presented with reasons not considered by the ALJ in obtaining or considering records and opinions, the Court is "not permitted to accept the post-hoc rationalizations for the ALJ's determination." *White v. Saul*, 414 F. Supp. 3d 377, 385 (W.D.N.Y. 2019).

To be sure, it is possible that the ALJ will determine that the opinion records from NP Urgo were not properly obtained or will not change the ultimate determination that Plaintiff is not disabled. However, it is not the function of the federal district court to determine whether the evidence was properly received or considered, *see Jonathan V.*, 2020 WL 1270655, at *5, nor is it the function of the Court to review and weigh evidence in the record, *see Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). And, because the ALJ determined that Plaintiff was not

disabled, and the opinion evidence contradicts such a finding as it provides that Plaintiff had severe impairments that lasted or can be expected to last at least twelve months, would cause her to be "off-task" 25% of the day, and would cause her to miss more than four days of work per month, for example, remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 10, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 11, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 16, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York